IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN C. CARLGREN,

                 Petitioner,

      v.

RICK COURSEY,

                Respondent.

Civil No. 6:13-cv-01880-AC

FINDINGS AND RECOMMENDATION

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

       Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

       Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On October 23, 2008, a Umatilla County grand jury indicted Petitioner on four counts of Manslaughter in the First Degree, four counts of Manslaughter in the Second Degree, and one count of Driving Under the Influence of Intoxicants ("DUII"). Resp. Exh. 102. The charges arose from a motor vehicle crash which occurred in the early morning hours of October 19, 2008, in which Petitioner drove his Dodge Dakota pickup at highway speeds into the back of a passenger vehicle containing four people. All four people in the passenger vehicle died as a result of the collision. On November 3, 2008, the State provided Petitioner with notice that it intended to seek departure sentences on any convictions and set out eight sentencing-enhancement facts upon which it intended to rely. Resp. Exh. 118.

On July 1, 2009, Petitioner signed a plea petition whereby he agreed to plead guilty to four counts of Manslaughter in the First Degree and one count of DUII. Resp. Exh. 103. Petitioner also conceded for sentencing purposes five of the enhancement facts upon which the State intended to rely. Resp. Exh. 107, pp. 5-6. In return, the State agreed to dismiss the four Manslaughter in the Second Degree charges, and to abandon the three other sentencing-enhancement facts. Resp. Exh. 107. The plea petition provided that sentencing would be "open." Resp. Exh. 103.

On July 2, 2009, the trial court conducted the plea and sentencing hearing. Resp. Exh. 107. After engaging in a lengthy colloquy with Petitioner, the trial judge accepted his guilty plea. Resp. Exh. 107, pp. 11-13.

At sentencing, the parties agreed that, in light of Petitioner's criminal history of four prior DUII convictions the presumptive sentences for the manslaughter convictions were 121 to 130 months of incarceration. Petitioner asked the trial judge to depart downward to impose concurrent mandatory minimum sentences under Measure 11 of 120 months on each count, for a total of 120 months of incarceration. The prosecutor asked the trial judge to depart upward to impose consecutive 15-year sentences on each manslaughter convictions, for a total of 60 years of imprisonment.

The trial judge declined both parties' request, and instead imposed presumptive sentences of 130 months on each manslaughter conviction; the sentences were consecutive, for a total of 520 months (or approximately 43 years) of imprisonment. The judge also sentenced Petitioner to one year of incarceration for the DUII conviction, concurrent to the Manslaughter sentences.

Petitioner did not file a direct appeal. He did, however, seek state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Carlgren v. Coursey*, 256 Or. App. 144, 300 P.3d 311, *rev. denied*, 353 Or. 747, 304 P.3d 38 (2013).

On October 21, 2013, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleges four grounds for relief:

**Ground One:** Ineffective assistance of counsel guaranteed petitioner by the 5th, 6th, and 14th Amendment of the U.S. Constitution.
**Supporting Facts:** Trial counsel erroneously advised petitioner to plead guilty to Manslaughter in the First Degree as the evidence in the case supported a finding that [petitioner] was acting recklessly and not with extreme indifference.

**Ground Two:** Ineffective assistance of counsel guaranteed petitioner by the 5th, 6th, and 14th, Amendment of the U.S. Constitution.
**Supporting Facts:** Trial counsel erroneously advised petitioner to accept [the] state's plea offer, given that the plea offer did not contain any sentencing concessions and petitioner would not derive any practical benefit from the plea offer.

**Ground Three:** Ineffective assistance of counsel guaranteed petitioner by the 5th, 6th, and 14th Amendment of the U.S. Constitution.
**Supporting Facts:** Trial counsel failed to raise and argue the proper legal objection to the state's request for protected personal health information.

**Ground Four:** Ineffective assistance of counsel guaranteed petitioner by the 5th, 6th, and 14th Amendment of the U.S. Constitution.
**Supporting Facts:** Trial counsel erroneously conceded [petitioner's] motion to suppress statements and motion to suppress evidence.[1]

The Court appointed counsel to represent Petitioner. In his counseled Brief in Support of Petition for Writ of Habeas Corpus, Petitioner addresses one argument, that trial counsel provided constitutionally ineffective assistance of counsel when he failed to provide Petitioner with the possibility of a plea agreement that would likely have resulted in a 33-year sentence. Petitioner submits that this claim is encompassed by the claim alleged in Ground Two.

As to the claim briefed by Petitioner, Respondent contends Petitioner failed to allege the claim in his habeas petition, that he failed to fairly present the claim to the Oregon courts, and that,

---

[1]The Petition here refers to "Appendix A," and states "See also: Attachment of additional claims." However, no such Appendix A or additional claims were appended to the Petition filed with the Court.

in any event, the PCR trial court made findings that were reasonable in light of the record before it, and reasonably applied federal law in denying the claim. With respect to the remaining grounds for relief, Respondent contends Petitioner procedurally defaulted the claims alleged in Grounds Three and Four, and that the PCR trial court's denial of relief on the claim alleged in Ground One is entitled to deference.

## DISCUSSION

### I.    Trial Counsel's Ineffectiveness for Failure to Convey the Possibility of a Plea Agreement

#### A.    Allegation in Petition

As noted, Petitioner's Brief in Support of Petition argues trial counsel was ineffective because he failed to "convey the possibility of a plea agreement that would likely have resulted in a thirty-three year sentence." Petitioner argues this claim is "encompassed" in Ground Two of his Petition before this Court, where he claims ineffective assistance of counsel because "[t]rial counsel erroneously advised petitioner to accept [the] state's plea offer, given that the plea offer did not contain any sentencing concessions and petitioner would not derive any practical benefit from the plea offer."

Rule 2 of the Rules Governing Section 2254 cases provides that a habeas corpus petition must "specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge" and "the facts supporting each ground[.]" Rule 2(c) is clear that claims for relief must be presented in the petition. The claim argued by Petitioner in his brief is not alleged in his Petition; it is a separate claim of ineffective assistance of counsel. *See Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc)

(ineffective assistance of counsel claims are discrete).  As such, the claim need not be considered. *See Green v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (claims not alleged in the petition need not be considered); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (additional habeas grounds for relief may not be included in supporting memorandum but must instead be presented in an amended petition).  In any event, as discussed below, Petitioner procedurally defaulted the claim.

### B.    Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore*, 386 F.3d 896, 915–916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a

petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To exhaust claims of ineffective assistance of counsel, a petitioner must raise them in the state PCR petition. Under Or. Rev. Stat. § 138.550(3), all grounds for relief not raised in the original or amended PCR petition are deemed waived. If a claim is not alleged in the original or amended PCR petition, it cannot be raised on appeal to the Oregon Court of Appeals. *See* Or. R. App. P. 5.45(1) (no error will be considered on appeal unless it was preserved in the lower court, provided that the appellate court may consider errors of law apparent on the face of the record); *see also Leyva–Grave–de–Peralta v. Blacketter*, 232 Or. App. 441, 448, 223 P.3d 411 (2009) (refusing to address claim not pleaded in the petition for post-conviction relief), *rev. denied*, 348 Or. 114 (2010). Likewise, in order to fairly present a claim to the Oregon Supreme Court, it must first have been raised before the Oregon Court of Appeals. Or. R. App. P. 9.20(2); *see also Castille*, 489 U.S. at 351–352 (claim not fairly presented when raised for the first time for review to state supreme court).

Thus, in order to properly exhaust an ineffective assistance of counsel claim, a petitioner must have raised it at all three levels of state court. Those claims not exhausted are procedurally defaulted. Ineffective assistance of counsel claims are discrete, and each separate claim must be properly exhausted or it will be defaulted. *Carriger*, 971 F.2d at 333–34.

In his Amended Petition in the state PCR proceeding, Petitioner alleged a claim identical to that alleged in Ground Two in the Petition before this Court. Resp. Exh. 109, p. 3. In his PCR Trial Memorandum, Petitioner focused on trial counsel's alleged erroneous advice about the possible sentence Petitioner faced. Resp. Exh. 110, pp. 11-12.

After the PCR trial court denied the claim, Petitioner pursued an appeal. In his brief to the Oregon Court of Appeals, Petitioner asserted one assignment of error, that the PCR court erred in denying relief based on trial counsel's failure to "properly advise petitioner concerning the appropriateness of pleading guilty to four counts of manslaughter I, considering all of the circumstances, and misinformed petitioner concerning the maximum sentence available after trial." Resp. Exh. 141. Petitioner again focused on counsel's failure to correctly advise petitioner about the potential sentence he faced; the 33-year plea offer was not addressed. His Petition for Review to the Oregon Supreme Court reiterated the identical assignment of error.

Petitioner did not present his claim that trial counsel was ineffective for failing to convey the possibility of a 33-year plea offer to the Oregon appellate courts. Because he cannot now do so, the claim is procedurally defaulted. Petitioner makes no showing of cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Accordingly, even if the Petition before this Court could be construed as alleging the claim addressed in Petitioner's brief, he is not entitled to habeas corpus relief under § 2254.

## II.    Petitioner's Remaining Claims

As noted above, Petitioner does not provide argument to support the numerous remaining claims alleged in his Petition. Additionally, Petitioner does not attempt to refute Respondent's

argument that these claims do not entitle him to habeas corpus relief. Accordingly, Petitioner has failed to sustain his burden of demonstrating why he is entitled to relief on his unargued claims. *See Lambert v. Blodgett*, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case), *cert. denied*, 546 U.S. 963 (2005); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same), *cert. dismissed*, 545 U.S. 1165 (2005).

Nevertheless, the Court has reviewed Petitioner's unargued claims and is satisfied that the PCR court's decision denying relief on the claim alleged in Ground One was not contrary to or an unreasonable application of clearly stated law, and that Petitioner procedurally defaulted the claims alleged in Grounds Three and Four. Accordingly, Petitioner is not entitled to relief on the remaining claims alleged in his Petition for Writ of Habeas Corpus.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 should be DENIED and a judgment of dismissal should be entered.

A certificate of appealability should be DENIED, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due March 10, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 23 day of February, 2015.

John V. Acosta
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION -